THE WISCONSIN CENTRAL RAILROAD COMPANY
v.
MARCELLA H. ROSS, ADMINISTRATRIX.

*Master and Servant—Railroads—Personal Injuries—Negligence of Master—Defective Track.*

In an action brought to recover for the death of a brakeman, the same being alleged to have occurred through the negligence of a railroad company named, the contention being whether the defendant, against whom judgment was obtained, was responsible, the plaintiff having been employed by a combination of companies doing business under a certain name, this court holds, in view of the evidence, that defendant company was in said combination, and that it was liable, severally or jointly, with the other companies so operating, for the injury in question.

[Opinion filed December 10, 1891.]

APPEAL from the Superior Court of Cook County; the Hon. ELLIOTT ANTHONY, Judge, presiding.

Mr. HENRY S. BOUTELL, for appellant.

Messrs. BRANDT & HOFFMAN and J. S. KENNARD, JR., for appellee.

MORAN, J.    Appellee's decedent was a brakeman on a train of cars, and was jerked or jolted by the car on which he was standing being thrown from the track, so that he fell and was killed by the train running over him.

At the time of the accident the train was passing over a piece of railroad known as the Pan Handle, and it was shown that the track was in a defective condition, which probably caused the accident.    The main contest is over the question whether the right defendant was sued, or rather, whether the defendant against which the verdict and judgment went was in any manner responsible for the injury.

It was shown that the engines drawing the train were marked "W. C. L.," which letters stood for "Wisconsin Central Line," which latter was not the name of a railroad com-

pany or corporation, but was a name under which several railroad companies operated in carrying on their business under a contract or arrangement between them. The evidence tended to show that deceased was employed and paid by the combination of companies known as the Wisconsin Central Line. It may be doubtful whether there was sufficient evidence submitted to the jury to sustain a finding that the Wisconsin Central Railroad Company was one of those composing the Wisconsin Central Line, but upon the motion for a new trial appellant introduced a receipt which contained the names of companies composing the Wisconsin Central Line, and among others is that of the Wisconsin Central Railroad Company. This was evidence to sustain the verdict rendered, and we are of opinion was sufficient, being uncontradicted and coming from appellant itself, to show that appellant was in the combination and operating under the name of the Wisconsin Central Line. That being so, it was liable severally, or jointly with other companies operating with it under the general name, for all negligence of any one of the companies composing the combination which resulted in injury to a person to whom the duty of care was due from said combination. Consolidated Ice Machine Co. v. Kiefer, 26 Ill. App. 466.

There is no question of law in the case, and on the question of fact presented our conclusion is against appellant.

The judgment must therefore be affirmed.

*Judgment affirmed.*

Waterman, P. J. I am of the opinion that, it appearing that at the time of the accident appellant was not operating any trains, but that Edwin H. Abbott and John A. Stewart, as trustees for the first mortgage bondholders, were then in actual possession and occupancy of and operating its road, this action can not be sustained against appellant.

I am also of the opinion that the evidence as to the employment of the deceased by, and as to the train by which he was killed being a train of, the Chicago, Wisconsin & Minnesota Railroad Company, is such that the verdict and judgment can not be sustained.